

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00295-CR
No. 02-19-00296-CR

_____

EDWIN B. RUNNELS JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court Nos. 1558886D, 1558887D

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

In a single issue, Appellant Edwin B. Runnels Jr. appeals the trial court's denial of his request for a continuance of his punishment hearing. Because he has failed to show actual prejudice resulting from the denial, we affirm the trial court's judgments.

## Background

In April 2019, Runnels entered an open guilty plea to felony charges of possessing cocaine with the intent to distribute and of possessing marijuana. *See* Tex. Health & Safety Code Ann. §§ 481.112(e), .121. He requested the preparation of a presentence-investigation report (PSR). In the PSR, the supervising officer noted a separate February 2019 arrest for possession of cocaine and that Runnels admitted during the arrest that he was a gang member with gang-affiliated tattoos. The PSR noted, "[T]he defendant was released without prosecution as the charge was rejected by the District Attorney's office [per Tarrant County Mainframe]." The PSR concluded that Runnels's gang membership was a factor weighing against community supervision.

Runnels's counsel received the PSR in late July 2019 and met with Runnels the Thursday before the sentencing hearing set for Tuesday, August 6, 2019.[1] Runnels denied being a gang member, so Runnels's counsel immediately issued a subpoena seeking police body-camera or dashboard-camera recordings, police reports, or

---

[1]Runnels does not raise an argument on appeal directed to the timing of the PSR.

anything else from the February 2019 arrest that might refute the gang-membership allegation. Runnels's counsel also moved for a thirty-day continuance to allow him to investigate the gang-membership allegation.

At the August 6 hearing, Runnels's counsel stated that she had received and reviewed the records from the police department on August 5 but sought additional time to review the documentation with Runnels. Counsel further alleged that the District Attorney's office had informed her on the morning of the hearing that the February 2019 charge was not "rejected" and a charge stemming from that incident could still be filed. Counsel raised concerns that this put Runnels at a "severe disadvantage" for the hearing by forcing him to choose whether to testify at the risk of being cross-examined regarding the February 2019 incident. In fact, Runnels stated on the record that he would not testify because of the possibility of those charges.

The trial court denied the motion for continuance and proceeded with the sentencing hearing. Though Runnels did not testify, his wife testified that he was not a gang member. At the end of the hearing, the trial court sentenced Runnels to ten years' confinement and a $5,000 fine on the cocaine-distribution charge and to two years' confinement on the marijuana charge.

## Discussion

We review a trial court's decision to grant or deny a continuance for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). To establish an abuse of discretion, there must be a showing that the defendant was actually

prejudiced by the denial of his motion. *Id.* Speculative harm is not enough. *Renteria v. State*, 206 S.W.3d 689, 702 (Tex. Crim. App. 2006). The record must show "with considerable specificity how the defendant was harmed by the absence of more preparation time than he actually had." *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010) (quoting 42 George E. Dix & Robert O. Dawson, *Tex. Practice: Criminal Practice and Procedure* § 28:56 (2d ed. 2001)).[2]

Runnels argues that he suffered actual prejudice by the denial of a continuance because he did not have time to investigate the February 2019 arrest and the gang-membership allegation, which he alleges undermined his counsel's ability to advise him regarding testifying in the punishment hearing. But his argument fails to show anything beyond speculative harm—he provides no explanation of how more time to review the documents related to the February 2019 arrest or to weigh the risks of testifying would have changed his punishment-trial strategy. As the trial court pointed out at the hearing, there was no assurance that the District Attorney's Office would decide whether to press charges related to the February 2019 incident before a reset

---

[2]This showing can ordinarily only be made at a hearing on a motion for new trial, "because almost always only at that time will the defendant be able to produce evidence as to what additional information, evidence[,] or witnesses the defense would have had available if the motion for delay had been granted." 43 George E. Dix & John M. Schmolesky, *Tex. Practice: Criminal Practice and Procedure*, § 33:20 (3d ed. 2020). Runnels filed motions for new trials in these cases but did not rely on the denial of a continuance in support of his motions.

sentencing hearing on the pending charges, meaning the situation would likely be the same thirty days later.

Without more, Runnels's arguments simply fall short of establishing actual prejudice, and we cannot conclude that the trial court abused its discretion by denying his request for a continuance. We therefore overrule Runnels's sole issue.

## Conclusion

Having overruled Runnels's sole issue, we affirm the trial court's judgments.


/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 15, 2021